UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PERCY LAVAE BACON,<br>　　　　Petitioner,<br>　v.<br>BRIAN WILLIAMS, et al.,<br>　　　　Respondents. | Case No. 2:15-cv-02466-RFB-VCF<br><br>**ORDER** |

This *pro se* habeas petition[1] pursuant to 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss. (ECF No. 8). Petitioner has opposed (ECF No. 10 & 12), and respondents have replied (ECF No. 11). In addition, respondents have filed two motions to strike pleadings filed by petitioner. (ECF Nos. 13 & 15).

**I.　Background**

As an initial matter, the Court addresses the state court record on file in this case. Petitioner is in state custody pursuant to a judgment of conviction in Case No. C212233 in Eighth Judicial District Court. (Ex. 4). Petitioner has filed a multitude of post-conviction motions and petitions for habeas relief in the state courts, in both his underlying criminal action and in separate cases. (*See* Ex. 7; https://www.clarkcountycourts.us/portal (last accessed June 12, 2018); http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=14430 (last accessed June 12, 2018)). As a result, respondents have filed in this case only a partial state court record, representing that they have provided the Court with any filings relevant to the instant petition. In light of the voluminous state court record and absent any specific contravention by petitioner, the Court accepts respondents' representation that they have provided all relevant state court documents.

---
[1] The operative petition in this case is petitioner's amended petition (ECF No. 7).

1

On January 19, 2006, petitioner was sentenced to several concurrent and consecutive terms of imprisonment in Case No. C212233. (Ex. 4). The judgment was affirmed by the Nevada Supreme Court on April 6, 2007. (Ex. 5).

On July 21, 2008, the Parole Board held a hearing at which it denied petitioner parole until expiration of his sentences. (Ex. 18). There is no evidence that petitioner filed any request for reconsideration of that decision.

On January 30, 2013, after petitioner filed his eighth state petition for writ of habeas corpus, the state trial court granted the State's motion to declare petitioner a vexatious litigant and imposed on petitioner a pre-filing injunction. (Ex. 7). Under the injunction, the only documents that petitioner would be allowed to file would be those the state trial court granted him leave to file. (*See id.*).

On or after September 22, 2014, petitioner submitted to the state court a petition for writ of habeas corpus challenging the Nevada Parole Board's policies and rules, in particular the fact it denied petitioner parole in abstentia and without giving him an opportunity to present mitigating factors. (Ex. 11 at 10-17). The state court denied petitioner leave to file the petition. (Ex. 8). Petitioner appealed (Ex. 11 at 2). The Nevada Supreme Court dismissed the appeal on June 1, 2015, and remittitur issued on January 20, 2016. (Exs. 12 & 17).

On or after December 6, 2015, petitioner mailed the instant federal habeas petition for filing. (*See* Ex. 5 at 13).[2] In the petition, petitioner challenges the July 21, 2008, denial of parole. Respondents argue that the petition, filed more than seven years after the parole decision became final and more than six years after the expiration of the statute of limitations, is untimely and must be dismissed.

**II.    Timeliness**

---

[2] Although the petition indicates that petitioner mailed it for filing on August 15, 2015 (ECF No. 5 at 1), a declaration attached to the petition is dated December 6, 2015. Combined with the fact the Court did not receive the petition until December 23, 2015, the declaration suggests to the Court that the petition was not mailed until sometime after December 6, 2015. The three-month differential is, at any rate, immaterial to deciding the timeliness of the petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

In actions challenging a denial of parole, the limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). In this context, the factual predicate of the claim is when the decision to deny parole becomes final. *See id.*

Following the July 21, 2008, decision to deny petitioner parole, petitioner had forty-five days to mail a letter requesting reconsideration. NAC 213.526. As noted above, there is no indication that petitioner submitted a timely letter for reconsideration to the Parole Board. Although petitioner claims that he filed a timely appeal, he offers no proof of such. In fact, petitioner's specific claim is that that he filed a timely appeal that was not decided until November 27, 2017. (ECF No. 10 at 2-3). Petitioner's claim that he timely filed an administrative appeal that was not decided for nine years defies credibility. Moreover, the Parole Board's November 27, 2017, letter on which petitioner relies explicitly references a letter it received from petitioner

received November 21, 2017. (Ex. 19). There is thus no evidence, direct or otherwise, that petitioner filed a timely appeal in 2008.

As petitioner did not file any timely appeal of the parole board's decision, the Parole Board's decision became final on September 4, 2008, forty-five days after the July 21, 2008, decision. That is when the factual predicate of petitioner's claim arose (and could have become known to him through the exercise of due diligence).[3] The one-year limitations period thus began to run the next day, on September 5, 2008. Absent statutory or other tolling, the statute of limitations expired on September 4, 2009.

Although petitioner filed several habeas petitions in state court between September 5, 2008, and September 4, 2009, respondents represent -- and petitioner does not dispute -- that none asserted the claim presented in this petition. In fact, petitioner's argument is that he attempted to file a state court petition but the court would not allow him to do so. This is consistent with the facts, as represented by respondents and evident from the state court record, that petitioner attempted to file a petition relating to his claims in this case in late 2014 but was denied leave to do so on the basis of the pre-filing injunction. A petition filed in late 2014 has no impact on the calculation of the limitations period because by that time the AEDPA statute of limitations had long since expired and even a properly filed habeas petition cannot toll an already expired statute of limitations.

Petitioner asserts no other basis for tolling. Rather, he argues that because the Parole Board's actions constitute a "structural error" he is not required to comply with the statute of limitations. "[T]here is no authority for the proposition that a claim of structural error supersedes the federal statute of limitations." *Coxe v. Glebe*, 2017 WL 2270258, at *5 (W.D. Wash. Mar. 23, 2017), *report and recommendation adopted*, 2017 WL 2256893 (W.D. Wash. May 23, 2017). The Court therefore finds this argument to be without merit.

Accordingly, the instant petition, filed more than six years after the statute of limitations expired, is untimely and must be dismissed.

---

[3] Any argument that petitioner could not have, in the exercise of due diligence, learned that the Parole Board's decision was final until the November 27, 2017, letter is entirely unpersuasive.

4

### III. Motions to Strike

Respondents have filed motions to strike petitioner's "first amended response" to the motion to dismiss (ECF No. 13) and petitioner's sur-reply (ECF No. 15), docketed as petitioner's sur-reply and second sur-reply, respectively.

On December 11, 2017, respondents filed a motion to dismiss the petition. On December 14, 2017, petitioner filed an opposition. Four days later, petitioner filed an amended opposition, which was received by the Court on December 20, 2017. (ECF No. 12). Also on December 20, 2017, respondents filed a reply. Following respondents' reply, and directly addressing the reply, petitioner filed a sur-reply. (ECF No. 14).

Respondents have moved to strike the "amended opposition" as an unauthorized sur-reply. However, the amended opposition was prepared and submitted for filing within the time for opposing the motion to dismiss and before respondents filed their reply. The Court therefore considers it part of petitioner's opposition. The motion to strike the first amended opposition (ECF No. 13) will therefore be denied.

Respondents also move to dismiss the "second sur-reply" as an unauthorized filing. Pursuant to Local Rule 7-2(b), sur-replies are not permitted absent leave of court. The Court did not grant petitioner leave to file a sur-reply, nor has petitioner made such a request. The sur-reply does not add anything that could not have been raised in petitioner's previous two filings and does not address any arguments asserted by respondents for the first time in their reply. Accordingly, the motion to strike petitioner's "second sur-reply" (ECF No. 15) will be granted.

### IV. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S.

at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* When the petitioner's claim is denied on procedural grounds, a certificate of appealability should issue if the petitioner shows: (1) "that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Reasonable jurists would not find the Court's dismissal of the petition as untimely to be wrong or debatable. The petition in this action was filed more than six years after the expiration of the statute of limitations. Accordingly, the Court concludes that petitioner has not satisfied the standard for issuance of a certificate of appealability.

**V.     Conclusion**

In accordance with the foregoing,

IT IS THEREFORE ORDERED that the motion to dismiss the petition as untimely (ECF No. 8) is GRANTED, and the petition in this action is hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that respondents' motion to strike the amended opposition/first sur-reply (ECF No. 13) is DENIED.

IT IS FURTHER ORDERED that respondents' motion to strike the "second sur-reply" (ECF No. 15) is GRANTED, and the sur-reply filed on December 27, 2017 (ECF No. 14) is hereby STRICKEN.

IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this action and enter final judgment accordingly.

DATED: June 13, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE