1
2
3
4                       UNITED STATES DISTRICT COURT
5                          DISTRICT OF NEVADA
6                                * * *
7    PERCY LAVAE BACON,                    Case No. 2:15-cv-02466-RFB-VCF

8                    Petitioner,                        ORDER
         v.
9
     BRIAN WILLIAMS, et al.,
10
                     Respondents.
11

12          On June 13, 2018, the Court dismissed petitioner's *pro se* habeas petition as
13
     untimely and entered judgment accordingly.  (ECF Nos. 16, 17).  The petition challenged
14
     a July 21, 2008, denial of parole, but it was filed more than six years after statute of
15
     limitations expired.  (*Id.* at 2, 4).  On July 2, 2018, petitioner filed a motion to alter or
16
     amend judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 18).
17
     Respondents have opposed. (ECF No. 19).  Petitioner has not filed a reply, and the time
18
     for doing so has expired.
19
            In his motion, petitioner argues that "the 'new substantive change in N.R.S.
20
     213.120' stripped the Nevada Board of Parole Commissioners of jurisdiction to hold a
21
     parole consideration proceeding on July 21, 2008" and that "such change was
22
     retroactive." (ECF No. 18 at 1).  Petitioner specifically argues that the Nevada Supreme
23
     Court created a retroactive change to the law in *Williams v. State*, 402 P.3d 1260 (Nev.
24
     2017). (*Id.* at 2-3). He appears to argue that the one-year statute of limitations began to
25
     run from the date of the *Williams* decision and that his petition is therefore timely.  (*See
26
     id.* at 3).  Respondents assert that *Williams* is inapposite to the claims raised in the petition
27
28

                                          1

1   and that petitioner does not show any basis for the Court to otherwise reconsider its order.

2   (ECF No. 19).

3       Reconsideration of a final order under Rule 59(e) is appropriate where: (1) the

4   district court is presented with newly discovered evidence or committed clear error; (2) the

5   initial decision was manifestly unjust; or (3) there is an intervening change in controlling

6   law. *See School Dist. No. 1J. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule

7   59(e) may not be used to "relitigate old matters, or to raise arguments or present evidence

8   that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*,

9   554 U.S. 471, 486 (2008) (citation omitted). A Rule 59(e) motion "'should not be granted,

10  absent highly unusual circumstances, unless the district court is presented with newly

11  discovered evidence, committed clear error, or if there is an intervening change in the

12  controlling law.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

13  2000).

14      There is no basis for granting reconsideration in this action. *Williams* could not be

15  an intervening change in controlling law because it predated the Court's order,

16  respondents' motion to dismiss, and even the operative amended petition in this case.[1]

17      Further, the Court's ruling is not clear error in light of *Williams*. The petition alleged

18  that petitioner was deprived certain constitutional rights in connection with his July 2008

19  parole hearing. (ECF No. 7). *Williams* held that statutory good time credits must be

20  applied to a parole eligibility date even where the prisoner's sentence includes a minimum

21  number of years that must be served before release. 402 P.3d at 1262-66. *Williams* is

22  thus irrelevant to petitioner's claim in this case. Petitioner's argument appears be that,

23  under *Williams*, the Parole Board lacked jurisdiction to conduct his July 2008 parole

24  hearing. However, no such conclusion is supported by or compelled by *Williams*. Even if

25  it were, as discussed, it would have no impact on this case, as petitioner has never raised

26

27

28  [1] The *Williams* decision was entered on October 5, 2017, and petitioner mailed his amended petition for filing on or about October 30, 2017. (*See* ECF No. 7 at 4).

2

a claim in this action asserting either that the Parole Board lacked jurisdiction or that his parole hearing should have been conducted earlier.

Finally, nothing in *Williams* impacts the Court's analysis of the timeliness of the petition in this case.

Accordingly, as there is no basis for reconsideration of the Court's prior order of dismissal, IT IS THEREFORE ORDERED the petitioner's motion to alter or amend judgment pursuant to Rule 59(e) (ECF No. 18) shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that because the motion reflects an intention to appeal the Court's order of dismissal, (*see* ECF No. 18 at 3), the Clerk of Court shall refile petitioner's motion (ECF No. 18) as a notice of appeal and process the notice of appeal accordingly.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's denial of petitioner's Rule 59(e) motion to be debatable or wrong.

IT IS SO ORDERED.

DATED this 21st day of November, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE